JAMES H. DEDMAN, ET AL., v. G. W. PRIEST, ET AL.

**Husband and Wife—Husband Leasing Wife's Real Estate—Fraud.**

> The husband has a right to execute a lease of his wife's real estate for a period of three years, if the lease is made in good faith, but where made only a day or two before the wife's death, not in good faith but as a mere device to defeat the right of the wife's heirs to possession for a period of three years, it is void because fraudulent.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

March 19, 1878.

OPINION BY JUDGE COFER:

The transaction between Stucky and Priest was not a leasing in good faith by the latter to the former of the wife's real estate, but was a mere device to defeat the right of the wife's heirs to possession for a period of three years.

Stucky claims nothing under the pretended lease, and Priest is still in possession, and now claims to hold the property as the tenant at sufferance of Stucky. It is not pretended that the lease was made in good faith with a view to transfer to Stucky the use or control of the property, or that he was or is expected to pay the merely nominal sum agreed on as the annual rent. On the contrary, the evidence shows beyond question that the sole purpose of the alleged lease was to keep the heirs of Mrs. Priest out of possession for three years, and to enable her husband to hold and enjoy the property during that time.

Stucky testifies that Priest called on him a day or two before the death of Mrs. Priest, "and stated that his wife was very ill and would live but a short time; that his attorney had told him (Priest) he had the right to lease her real property for three years, and that the property being in her name, he desired me to permit him to lease the house and lot to me for three years. I told him he might do so. I permitted the use of my name as an accommodation to him." He then goes on to state in substance that he has never had possession or control of the property, has never asked for either, and that neither has been tendered to him, and he does not know who has possession, nor does he know who has occupied it or received the rent. That there was no bona fide leasing of the property is clear.

But counsel, while virtually conceding that the object was merely to enable Priest to retain the property, and not in good faith to

rent it to Stucky to be used or controlled by him, contends that as the law gave him the right to rent it, no wrong has been done to the heirs of the wife, of which they can complain, and seems to regard the statute authorizing the husband to rent the general estate of the wife as made for the benefit of the husband only. The heirs had a right to the immediate possession unless the husband had leased the property during the life of the wife; and this implies that it must have been a leasing in good faith, for a leasing not in good faith is not a leasing at all. If the sole object of the statute had been to enable the husband to enjoy the wife's estate for three years after her death the rational way of attaining that object would have been to provide for such enjoyment, instead of providing for securing it by a lease during coverture.

But we apprehend the purpose of the statute was to enable the husband to rent the wife's property, and that the benefits he enjoys are rather the incidents of the law, than the purposes for which it was enacted. Unless the husband's lease was made valid after the death of the wife he could not rent her estate for a fair rent, because the tenant in that case must take the risk that she would die during the term. This was no doubt the chief consideration that led to the enactment of the statute.

It does not follow that because the husband had the legal right to lease the premises, and the wife's heirs take as volunteers, that it was impossible to commit a fraud upon their rights by a lease executed during her life for the sole purpose of continuing the husband in the possession and control of the property after her death.

If Stucky acted in good faith, and had asserted a right under the lease to the possession and control of the property, quite a different question would have arisen. But as he claims no interest or benefit under the lease, and it was made by Priest merely to defeat the right of his wife's heirs to the immediate possession, and not in a bona fide exercise of his marital right, the court erred in not adjudging the lease void and the plaintiff's entitled to the possession of the property.

Counsel is mistaken in saying the evidence shows that immediately after the death of the wife the husband ceased to occupy the premises, and that after he left a family was occupying the house. The evidence is silent as to who was occupying it or as to whether Priest had ceased to occupy it. But it was alleged in the petition that he was in possession, and that allegation was not denied.

If, however, it did appear that Priest was not, but that another

was occupying the property, it would be clear from the testimony of Stucky that the person so in possession was not put there by him, and had no right to be there under him.

Stucky seems to have acted innocently in the matter, and should be adjudged the costs of the appeal.

Judgment *reversed,* and cause remanded for further proper proceedings.

*Duprey & Middleton, for appellants.*

*Clemmons & Willis, for appellees.*